# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEVELAND HUGHES | : | |
| Petitioner | : | |
| v | : | Civil Action No. L-07-1498 |
| STATE OF MARYLAND, et al., | : | |
| Respondents | : | |

## MEMORANDUM

On June 4, 2007, Cleveland Hughes ("Hughes") filed the above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1)  He seeks this Court's review of the claims previously raised by him concerning violation of the Interstate Agreement on Detainers Act.[1]  Id. For the following reasons, the Court will, by separate Order, DISMISS the Petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before this Court may consider the pending petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this Court to consider Hughes's application for habeas corpus relief. See 28 U.S.C. §2244(b)(3)(A); see also In re Vial, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en

---

[1] On September 29, 1992, Hughes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction on numerous grounds, including a claim that the State violated the Interstate Agreement on Detainers Act ("IADA").  See Hughes v. Smith, Civil Action No. N-92-2738, Docket No. 13 (D. Md. 1993).  The claim regarding the IADA was decided on the merits in a Report and Recommendation rendered by a magistrate judge and adopted by the Honorable Edward S. Northrop in a Memorandum dated August 18, 1995.  Id., Docket No. 28. The same claim was again raised by Hughes in another petition filed with this Court.  See Hughes v. State of Maryland, Civil Action No. L-05-2595 (D. Md. 2005).  In dismissing that petition as successive, Hughes was instructed to seek authorization for leave to file a successive petition from the Fourth Circuit Court of Appeals.  He again sought habeas corpus relief in Hughes v. Warden, Civil Action No. L-06-1158, and again was instructed to seek authorization with the Fourth Circuit.

banc).  Hughes has not received such authorization.

      Accordingly, this Court will not examine Hughes's claims because he cannot comply with this "gatekeeper" provision.  Therefore, his pending application for habeas corpus relief must be dismissed.

Dated this 22nd day of June, 2007.

                                        /s/  
                                        Benson Everett Legg  
                                        Chief Judge